IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC,<br><br>Plaintiff,<br><br>v.<br><br>AUTOPARTSFACTORY STORE, et al.,<br><br>Defendants. | Case No. 21-cv-03294<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S MOTION TO EXTEND THE BRIEFING SCHEDULE
FOR DEFENDANT ZHANG HEHE'S MOTION [38]**

Plaintiff H-D U.S.A., LLC ("Plaintiff") moves this Honorable Court to extend the briefing schedule for Defendant Zhang Hehe's (d/b/a Come Brownie, collectively "Defendant")[1] Combined Motion to Dissolve-In-Part The Preliminary Injunction and Unfreeze Assets, To Dismiss Under Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) 20(a)(2) and 21, and For Release of TRO Bond to Compensate for Improvidently-Sought Injunction [38] (the "Motion") for Plaintiff to conduct jurisdictional discovery. Specifically, Plaintiff requests that its response to the Motion [38] be due by September 28, 2021, and Defendant's reply be due by October 6, 2021.

---

[1] The email address used on Defendant's "*pro se*" appearance [40] is the same ECF email address used by a defendant named Louai Saleh Taan that operates the Amazon.com store Oxygen Ocean in N.D. Ill. Case No. 20-cv-2552. In Case No. 20-cv-2552, Plaintiff's counsel received an email from an attorney purportedly named "Solomon Barnes" using the email address legal.barnes@gmail.com and telephone number 628-212-2602. There is no attorney named "Solomon Barnes" registered with the State Bar of California (the telephone number area code is for San Francisco), and an Internet search returned no information regarding an attorney named Solomon Barnes. The telephone number and email address used by "Solomon Barnes" is also the same email address and telephone number used by Mr. Taan. As such, use of the legal.barnes@gmail.com email address on the appearance form in this Case by a purportedly different "*pro se*" individual is inconsistent with the representations in Case No. 20-cv-2552. This is also concerning since the *pro se* Defendant in this case indicates that they have spent $8,440 on legal advice. *See* [43] at ¶ 9.

Defendant set up and operated an Amazon e-commerce store under at least the seller alias Come Brownie that targeted United States consumers by offering shipping to the United States, including Illinois, accepted payment in U.S. dollars, and shipped products to residents of Illinois. [1] at ¶ 2; [12] at ¶ 24; Declaration of Martin Trainor (the "Trainor Declaration") at ¶ 2. Defendant advertised, offered for sale, and sold at least the product shown in Figure 1 bearing infringing and counterfeit versions of the HARLEY-DAVIDSON Trademarks (the "Counterfeit Come Brownie Product"). Trainor Declaration at ¶ 3; *see* Figure 1 *infra*.



Figure 1 – Counterfeit Come Brownie Product

As such, this Court properly exercised personal jurisdiction[2] over Defendant. S*ee Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill March 24, 2021) (Dkt. No. 46) (unpublished) (citing *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392-93 (7th Cir. 2020)). Trainor Declaration at ¶ 6. Nevertheless, Defendant's Motion asserts that this Court lacks personal jurisdiction over Defendant and is supported only by self-serving statements in the Declaration of Zhang Hehe [43] ("Hehe Declaration"). Additionally, there are ambiguities regarding the identity of Defendant given the use of the legal.barnes@gmail.com email address. *See* fn.1.

The Preliminary Injunction [36] entered by the Court allows Harley-Davidson to serve discovery on Defendant related to the identity and location of Defendant, the nature of Defendant's operations, and any financial accounts owned by Defendant. *See* [36] at ¶ 3. Accordingly, Plaintiff served limited jurisdictional discovery requests on Defendant on August 6, 2021, to test the veracity of and learn the factual basis for statements made in the Motion [38] and the HeHe Declaration [43]. Trainor Declaration at ¶ 4.

When Plaintiff served discovery on August 6, 2021, it requested that Defendant serve its responses within thirty (30) days of receipt. *Id*. at ¶ 5. Because Labor Day is observed on Monday, September 6, 2021, Defendant's responses to the limited discovery requests are due on September 7, 2021.[3] *Id*. Without Defendant's discovery responses, Plaintiff will be limited in its ability to address the Motion, including factual issues pertinent to personal jurisdiction. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.,* No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery

---

[2] Defendant was also properly served via email on July 15, 2021 [29] pursuant to this Court's Order [21]. *See* [36].

[3] Plaintiff's response to the Motion is currently due by August 23, 2021, per Minute Entry [44].

unless the plaintiff's claim is clearly frivolous.")); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."). Trainor Declaration at ¶ 6.

The Hehe Declaration omits key facts such as the actions taken by Defendant in setting up the Amazon storefront, the nature of products sold through Defendant's Amazon store, how a search was performed to determine how many infringing items were sold and where they were sold, and Defendant's contacts with the United States outside of Illinois, which is relevant under Fed. R. Civ. P. 4(k)(2).

As such, Plaintiff requests that this Court extend the briefing schedule on the Motion [38] while Plaintiff conducts jurisdictional discovery so that Plaintiff's response to the Motion [38] will be due September 28, 2021, and Defendant's reply will be due October 6, 2021.

Dated this 11th day of August 2021.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
RiKaleigh C. Johnson
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff H-D U.S.A., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and send an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Adraea M. Brown and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
RiKaleigh C. Johnson
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff H-D U.S.A., LLC*