

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>　　　　　Defendants. | Case No.: 21-cv-03294<br><br>Judge: Thomas M. Durkin<br><br>Magistrate Judge: Beth W. Jantz |

**DEFENDANT ZHANG HEHE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 45)**

Defendant Zhang Hehe (d/b/a Come brownie on Amazon.com) ("Come brownie" or "Defendant") strongly disagree with the various legal and factual arguments, characterizations and representations set forth by Plaintiff and subject to objection to personal jurisdiction in this action, respectfully submits this Response in opposition to Plaintiff's Motion for Extension of Time (the "Motion") [Dkt. No. 45].

Plaintiff in its Motion asserts that the extension is necessary primarily to conduct jurisdictional discovery. Plaintiff further asserts that "The Preliminary Injunction [36] entered by the Court allows Harley-Davidson to serve discovery on Defendant related to the identity and location of Defendant, the nature of Defendant's operations, and any financial accounts owned by Defendant." [Dkt. No. 45] at ¶ 4.

Plaintiff claims that preliminary injunction was proper because "this Court properly exercised personal jurisdiction over Defendant." [Dkt No. 45] at ¶ 3. However, the preliminary injunction against Come brownie, issued on July 23, 2021 [Dkt. No. 36], was improper because of procedure deficiencies: **I**) the Court lacked personal jurisdiction over

1

Come brownie when the preliminary injunction order was entered; and **II)** the notice requirement under Rule 65(a)(1) was not satisfied since no notice of the preliminary injunction motion was given to Come brownie prior to entry of the preliminary injunction order against Come brownie. As such, in the absence of the Court's issued Summons, the "form" of Plaintiff's "service" does not pass under Federal Rules of Civil Procedure 12(b)(4) and Come brownie's Combined Motion [Dkt. No. 38] should be granted on this ground alone.

Come brownie reserves all arguments on the merit and will raise the arguments on the merit in the proper forum that has jurisdiction over Come brownie.

## Argument

**I. Plaintiff's Request for Extension of Time Should Be Denied Because Preliminary Injunction against Come brownie Must Be Vacated. Come brownie Was Not Served, Therefore, This Court Lacks Personal Jurisdiction Over Come brownie**

Beside the lack of minimum contact briefed in Come brownie's *Combined Motion* [Dkt. No. 38], the Court also lacks personal jurisdiction at the time when the preliminary injunction was entered, since service of process was not effectuated on Come brownie at the time when the Court entered the preliminary injunction order.

"Without service, there is no personal jurisdiction." *Redden v. Jenkins,* 2017 U.S. Dist. LEXIS 158139, at*6 (N.D. Ill. 2017) (citing *Sikhs for Justice v. Badal,* 736 F.3d 743, 745 (7th Cir. 2013).

"A federal court may issue an injunction only if it jurisdiction over the parties." *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 800, (7th Cir. 2013) ("In order for the district court's preliminary injunction to be valid, that court had

to have personal jurisdiction over the defendant") (citing *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 598 (7th Cir. 2007).

The Lanham Trademark Act does not have a provision allowing extraterritorial service of process. *Webster Dictionary Corp. v. Ginzburg,* 70 F.R.D. 412, 413 (N.D. Ill. 1975); *Mallard v. Mallard,* No. 90 C 3335, 1992 WL 47998, at *2 (N.D. Ill. Mar. 4, 1992). "[T]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Homer v. Jones–Bey,* 415 F.3d 748, 754 (7th Cir. 2005)).

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed. R. Civ. P. 4(b), 4(c)(1). Only proper service vests a district court with personal jurisdiction over a defendant. *Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011). Come brownie, is a Chinese business with no physical presence in the United States. Rule 4(f) authorizes two methods of service at issue here. First, service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders." Both the United States and China are signatories to the Hague Service Convention. The Hague Service Convention has the force of federal law and limits available methods of service under Fed. R. Civ. P. 4(f)(3).

Service of process by email is *inappropriate* in this case since (1) the Hague Service Convention is *applicable*; and (2) Plaintiff *failed* to serve Come brownie properly under the Hague Service Convention.

Courts look to Article 1 to determine whether the Hague Service Convention applies. *Schlunk,* 486 U.S. at 699. Article 1 specifies the Hague Service Convention's scope. The first

3

sentence states the "Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* (quoting Article 1 of the Hague Service Convention, 20 U.S.T. at 362). Article 1 further states the Hague Service Convention does not apply "where the address of the person to be served with the document is not known."

Courts have interpreted the second sentence of Article 1 consistently. A plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must make reasonably diligent efforts to learn a defendant's mailing address. *See, e.g., Advanced Access Content Sys. Licensing Admin., LLC v. Shen,* 2018 WL 4757939, at *4– 5 (S.D.N.Y. Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.,* 2011 WL 2672565, at *3 (N.D. Ind. July 8, 2011) (citing *Opella v. Rullan,* 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011)); *Compass Bank v. Katz,* 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting and discussing cases).

Come brownie uploaded a true and correct address to Amazon.com when it registered its account with Amazon. Moreover, a true and correct copy of Come brownie's business information posted on Amazon.com is attached herein as <u>Exhibit 1.</u> See also Declaration of Zhang Hehe at 2. Thus, this is not a case "where the address of the person to be served with the document is not known". Plaintiff can obtain Come brownie's physical addresses from Amazon.com because Come brownie complies with Amazon's requirement that each store needs to provide a physical address. Amazon has physical addresses of stores operated on it and thus Come brownie's address was readily accessible to Plaintiff. A brief review of publicly available information or by asking Come brownie directly, could have confirmed it to be correct. Having this important basic information, Plaintiff still refused to conduct the most basic investigation or make any effort to confirm whether Come brownie's publicly

disclosed address was correct. Rather, Plaintiff and their counsel chose to remain wilfully blind of Come brownie's location so that they could argue the Hague Service Convention should not apply. The old adage "ignorance is bliss" comes to mind. Had Plaintiff bothered to engage in even the most minimal due diligence, it would have been able to easily establish from Defendant's "Come brownie" Amazon storefront that the correct address for service of process on Come brownie was "No.2 Courtyard of Zhangzhuang, Guanzhuang Village, Dingji Town, Zhoukou City, Xiangcheng, Henan Province, 466200 China." Declaration of Zhang Hehe at ¶2, Exhibit 1. It was readily confirmable that the "Guanzhuang Village" address identified on the "Come brownie" Amazon Storefront page identically matched other publicly accessible information for Come brownie's address.

Therefore, Plaintiff has failed to carry its burden to show that Come brownie's address was unknown. Consequently, the Hague Service Convention applies in this case.

The Supreme Court of the United States has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text. The Supreme Court took a broad view of the Convention in 1988, holding that it "pre-empts inconsistent methods of service . . . [wherever] it applies." *Schlunk, supra,* 486 U.S. at 699. The Court reaffirmed that holding, quoting this language verbatim, in 2017. *Water Splash,* 137 S. Ct. at 1507.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.,* 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal

delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk,* 486 U.S. at 700.

This court has found that China's Article 10(a) objection precludes email service.

*Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A",* 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019), *reconsideration denied in part,* No. 18 CV 2188, 2019 WL 2357011 (N.D. Ill. June 4, 2019). Plaintiff did not take any action to serve Come brownie by any means permitted by the Hague Convention.

Rather, Plaintiff filed motion for electronic service of process based on a declaration and circumstances that are not suitable to this present case. It is true that this Court has allowed precisely email service in the past. See *Strabala v. Zhang,* 318 F.R.D. 81 (N.D. Ill. 2016). However, "email service of [a China-based] online business defendant is warranted when the defendant has no readily discoverable physical address, conducts business over the Internet, and uses email regularly in contacting customers." *Gianni Versace, S.P.A v. Yong Peng, et al.,* No. 18 C 5385, R. 70 at 2; citing *Rio Props., Inc.,* 284 F.3d at 1017-18. Here, unlike the defendant in Gianni Versace, Come brownie has a readily discoverable physical address listed on Amazon web page. See Exhibit 1. Moreover, the discoverable physical address is the true and correct address of Come brownie.

It is axiomatic that a federal court may issue an injunction only if it jurisdiction over the parties. *See, e.g., Advanced Tactical,* 751 F.3d at 800 ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant") (citing *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void and, therefore, we shall 'set aside a default judgment as a per se abuse of discretion if the district court that entered

the judgment lacked jurisdiction.'")); *Land-O- Nod Co. v. Bassett Furniture Indus.,* 708 F.2d 1338, 1340 (8th Cir. 1983) (confirming that the court must first have jurisdiction before it may exercise its discretion to issue an injunction); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2941 (1990) ("[T]he Court must have personal jurisdiction over the Party against whom equitable relief is sought"). As shown above, this Court cannot exercise personal jurisdiction over Come brownie consistent with the United States and Illinois constitutions.

Plaintiff in support of its Motion cites *Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.,* No. 20-cv-7477 (N.D. Ill March 24, 2021) (Dkt. No. 46) (unpublished) (citing *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392-93 (7th Cir. 2020)). However, none of these cases is relevant when applied to the facts in the present case and should therefore be disregarded. Similarly, Plaintiff's assertion that "there are ambiguities regarding the identity of Defendant given the use of the legal.barnes@gmail.com email address," [Dkt. No. 45] at ¶ 3, is a nonstarter. Come brownie provided the email address legal.barnes@gmail.com *solely* for that purpose under Federal Rule of Civil Procedure 5(b)2(E). The legal.barnes@gmail.com email address serves no other purpose than that for which it is provided. Plaintiff has not cited any caselaw supporting its argument of ambiguity as to Come brownie's identity, basing on Come brownie's use of an email address to receive notices in this lawsuit. Nor could it, because such an argument is both nonsensical and *legally insufficient*.

Unless the Plaintiff's complaint can survive a motion to dismiss, "he is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558–59 (2007). In the present case, even though the Court accepts as true the factual allegations relevant to jurisdiction made in the Plaintiff's Complaint, and draws all reasonable inferences in Plaintiff's favor, Plaintiff's Complaint

7

cannot survive a motion to dismiss for the above reasons. Consequently, Come brownie objects to any discovery requests.

## **Conclusion**

For the reasons discussed above, Come brownie has not been served with process in compliance with the Hague Service Convention as prescribed by the Federal Rules of Civil Procedure. Accordingly, Come brownie respectfully requests that this Court issue an Order (i) denying Plaintiff's Motion [Dkt. No. 45]; and (ii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of August 2021.

/s/*Zhanghehe*
*Defendant Come brownie*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 12th day of August 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the parties.

/s/*Zhanghehe*
*Defendant Come brownie*

## DECLARATION OF ZHANG HEHE IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

I, ZHANG HEHE, hereby declare under penalty of perjury under the laws of the United States that the following Is true and correct to the best of my knowledge, information and belief.

1. I am a sole proprietor doing business as Come brownie on Amazon.com, identified on Schedule "A" to the Complaint, and a Real Party in Interest in this action. I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify to the below facts which are personally known to me.

2. The true and correct address for service of process to Come brownie, in English, is "No.2 Courtyard of Zhangzhuang, Guanzhuang Village, Dingji Town, Zhoukou City, Xiangcheng, Henan Province, 466200 China." The same address in Chinese is "丁集镇关庄村张庄2号院周口市项城市河南省466200."

3. I was directly involved in the process of opening the "Come brownie" storefront at Amazon.com. As Part of this process, Amazon.com requested, and I provided, information regarding Come brownie, including the address which I provided as "丁集镇关庄村张庄2号院周口市项城市河南省466200 CN."

4. Exhibit 1 is a true and correct copy of a screenshot containing Come brownie's seller information as listed on Amazon.com. This page is public information and can be reached at:https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&protocol=current&seller=A1EZBQJBG6YV8A&sshmPath=

5. Exhibit 1 displays under "Detailed Seller Information," the address of Come brownie as "丁集镇关庄村张庄2号院周口市项城市河南省466200 CN," which in English is

1

"No.2 Courtyard of Zhangzhuang, Guanzhuang Village, Dingji Town, Zhoukou City, Xiangcheng, Henan Province, 466200 China."

6. Exhibit 2 is a true and correct screenshot of the homepage Baidu.com, a popular search engine in China.

7. Exhibit 2 shows that entering the Chinese characters of Come brownie's address into the Baidu.com search box automatically shows Come brownie's address "丁集镇关庄村张庄2号院周口市项城市河南省466200 CN" in no less than three (3) of the first five (5) search results.

8. Exhibit 3 is a true and correct screenshot of the homepage of GoogleTranslate.com a popular language translation engine in the United States.

9. Exhibit 3 shows that entering the Chinese characters of Come brownie's address into the translation box automatically returns a suggested translation with alphabetic characters "No.2 Courtyard of Zhangzhuang, Guanzhuang Village, Dingji Town, Zhoukou City, Xiangcheng, Henan Province, 466200 China," which is Come brownie's address in English.

10. At no point in time was I informed or did I have knowledge of any person representing Plaintiff who requested the address information of Come brownie for the purposes of Hague Service.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief and was signed by me on the date below.

Respectfully submitted this 12th day of August 2021.

                                                    /s/*Zhanghehe*
                                      *Defendant Come brownie*

2

# Exhibit 1



# Exhibit 2

5



# Exhibit 3

