

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>　　　　　　Defendants. | Case No.: 21-cv-03294<br><br>Judge: Thomas M. Durkin<br><br>Magistrate Judge: Beth W. Jantz |

**MOTION TO QUASH SERVICE**
**[DKT NOS. 75 and 76]**

　　　　Defendant Zhang Hehe (d/b/a Come brownie on Amazon.com) ("Defendant") pursuant to Rule 12(b)(5) of the Federal of Civil Procedure, respectfully submits this Motion to Quash Service on Defendant, and sets forth and assigns as follows:

　　　　1.　　　It is undisputed that Defendant Zhang Hehe is a resident of the People's Republic of China. (Plaintiff's Complaint (Dkt. No. 1), ¶ 24).

　　　　2.　　　On September 22, 2021, Plaintiff submitted Certificates of Service purporting to have served on Defendant various judicial documents via FedEx at the China address provided. (*See* Dkt. Nos. 75 and 76). This is in direct contradiction with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention").

　　　　3.　　　Service of international defendants via mail is permitted under the Article 10 of the Hague Service Convention *only* if the member nation does not oppose such service.

1

4. However, the People's Republic of China opposes Article 10 of the Hague Convention, and requires that service be perfected upon its citizens through its Central Authority. (*See* People's Republic of China, Declaration 3, attached hereto and incorporated herein as Exhibit "1")

5. "The Convention provides that it 'shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" (citing Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638). Where it applies, compliance with the Hague Service Convention is "mandatory." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698–99, 108 S.Ct. 2104, 2107–08 (1988). The purpose of the Hague Service Convention is "to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Id.* at 486 U.S. at 698, 108 S.Ct. at 2107.

6. "By virtue of the Supremacy Clause," the Hague Service Convention, as an international treaty, "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Id.* at 486 U.S. at 699, 108 S.Ct. at 2108 (stating "the Hague Service Convention is a multilateral treaty" and citing U.S. Const., art. VI)

7. For this reason, courts defer to the Hague Convention in determining what constitutes proper service when transmission of documents abroad is required. *See In Re T.M.E.,* 565 S.W.3d 383, 391–92 (Tex. App.—Texarkana 2018, no pet.) (citation omitted); *See also Schlunk, supra,* 486 U.S. at 699. ("The Convention preempts any inconsistent methods of service prescribed by Texas law in all cases where the Convention applies."). *Water Splash,* 137 S. Ct. at 1507.

8. Article 21 of the Hague Service Convention permits member nations to object to certain provisions of the Convention. The entry of such objections means that the member nation is not bound by the provisions to which it objects. China's formal objection addresses all forms and methods of service identified under Article 10, including service by mail ("postal channels"). China considers service of process to be a sovereign act.

9. The promotion of comity is a well-established and important consideration for this Court. The principle of comity entails the willingness of one member nation to recognize the sovereign acts of other member nations, not as a matter of right, but out of deference and good will. Promoting comity is a goal of the Hague Service Convention: the treaty is designed to ensure that international service will not be objectionable to the member nation in which service is made. *See DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288 (3d Cir. 1981), cert. denied, 454 U.S. 1085 (1981); *Mommsen v. Toro Co.,* 108 F.R.D. 444, 446 (S.D. Iowa 1985).

10. Plaintiff's contention that service on Defendant has been perfected is incorrect as a matter of law. As is plainly displayed hereinabove, Plaintiff's contention that service on Defendant in China has been perfected through service via FedEx is not correct as such action violates the procedure set forth by the Hague Service Convention and the purported service of process on Defendant therefore must be quashed. Nor can Plaintiff rescue its attempt at service via Rule 4(f)(3), which provides for service "by other means not prohibited by international agreement, as the court orders."

11. It is important to note that quashing the purported service on Defendant in China via FedEx is not fatal to Plaintiff's claims against Defendant. Plaintiff should seek service through the Central Authority for the People's Republic of China, which is the proper channel designated by the Hague Service Convention.

3

WHEREFORE, PREMISES CONSIDERED, Defendant Zhang Hehe, Respectfully Requests that this Honorable Court enter an Order quashing the purported service on Defendant through FedEx as such action has been preempted by Federal Treaty.

Dated this 23rd day of September 2021.

/s/*Zhanghehe*
Defendant Zhang Hehe

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 23rd day of September 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the parties.

                                                                /s/*Zhanghehe*
                                          Defendant Zhang Hehe

# Exhibit "1"

# DECLARATION/RESERVATION/NOTIFICATION

Declarations

Notifcations

Articles: 5,8,10,15,16

**(Click here for the Authorities designated for the People's Republic of China and the Special Administrative Regions of Hong Kong and Macao, and other practical information)**

https://www.hcch.net/en/instruments/conventions/status-table/authority/?sid=30&cid=17

**Text of the declarations:**

  **People's Republic of China**

  (Courtesy translation)
"(...) 2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the frst paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.
3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.
4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulflled, the judge, notwithstanding the provisions of the frst paragraph of that Article, may give judgment even if no certifcate of service or delivery has been received.
5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the efects of the expiration of the time for appeal shall not be entertained except that it is fled within one year following the date of the judgment."

_____

**Special Administrative Region of Hong Kong (entry into force: 19 July 1970)**

The Convention had been extended to Hong Kong by the United Kingdom by Note dated 20 May 1970 (entry into force for Hong Kong: 19 July 1970), with the following declarations: "*(a)* In accordance with Article 18 of the Convention the Colonial Secretary of Hong Kong**\*** is designated as the Authority competent to receive requests for service in accordance with Article 2 of the Convention.
\* "The Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong" (May 1984).

*(b)* The authority competent under Article 6 of the Convention to complete the Certifcate of Service is the Registrar of the Supreme Court of Hong Kong.

*(c)* In accordance with the provisions of Article 9 of the Convention the Registrar of the Supreme Court of Hong Kong is designated as the receiver of process sent through consular channels.

*(d)* With reference to the provisions of paragraphs *(b)* and *(c)* of Article 10 of the Convention, documents sent for service through ofcial channels will be accepted in Hong Kong only by the central or additional authority and only from judicial, consular or diplomatic ofcers of other Contracting States.

*(e)* The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to Hong Kong.

The authorities designated above will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

The Ministry of Foreign Afairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Afairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Afairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.
I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with efect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.
I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...) (signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation)
"Your Excellency,
In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with efect from 1 July 1997. Hong Kong will, with efect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence afairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Afairs of the People's Republic of China to make the following notifcation:

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with efect from 1 July 1997. (...)

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)

(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".

Declarations (articles 8 and 10):

> 1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.
> 2. (...)
> 3. (...)
> 4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through ofcial channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic ofcers of other Contracting States.

_____
**Special Administrative Region of Macao (entry into force: 12 April 1999)**

By a Note dated 9 February 1999, Portugal had extended the Convention to *Macao*.

On 7 October 1999, Portugal communicated the following to the depositary:
"1. In accordance with Article 18 of the Convention, the Ministério Público de Macao is designated as the competent authority in Macao to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

The address of the Ministério Público de Macao is as follows:

Ministério Público de Macao
Praceta 25 de Abril
Macao
Phone: 326736
Fax: 326747

2. Court clerks (escrivães de direito) and deputy court clerks (escrivães adjuntos) from the Supreme Court of Justice (Tribunal Superior de Justiça) of Macao are entitled to complete in Macao the certifcate provided for [in] Articles 6 and 9 of the Convention.

3. In accordance with the provisions of the second paragraph of Article 8 of the Convention, Portugal reiterates that it recognizes to the diplomatic or consular agents the right to forward documents, for the purpose of service, exclusively to the nationals of the State in which the documents originate.

4. The Ministério Público de Macao is also designated as the competent authority in Macao to receive documents forwarded through consular channels, in accordance with Article 9 of the Convention.

5. Portugal declares that the judges of the courts of Macao, notwithstanding the provisions of the frst paragraph of Article 15 of the Convention, may give judgment on whether the conditions referred to in the second paragraph of the same article are fulflled.

6. In accordance with the third paragraph of Article 16 of the Convention, Portugal declares that the applications referred to in the second paragraph of Article 16 will not be entertained if they are fled after the expiration of one year following the date of the judgment."

The Ambassador of Portugal at The Hague informed the Minister for Foreign Afairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:
In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with efect from 20 December 1999.
From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (…)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Afairs by letter of 10 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of the People's Republic of China will resume the exercise of sovereignty over Macao with efect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence afairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Afairs of the People's Republic of China to inform Your Excellency of the following:
The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macao Special Administrative Region with efect from 20 December 1999. (...)

The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region. (...)".

Declarations (Articles 5, 8, 15 and 16)

1. (...)
2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the frst paragraph of that article may be used within the Macao Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.
3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulflled, the judge of the Macao Special Administrative Region, notwithstanding the provisions of the frst paragraph of that article, may give judgment even if no certifcate of service or delivery has been received.
4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macao Special Administrative Region, the application for relief from the efects of the expiration of the time for appeal shall not be entertained except that it is fled within one year following the date of the judgment.

Furthermore, the Government of the People's Republic of China made the following supplementary declaration:

"In accordance with paragraph 3 of Article 5 of the Convention, it declares that documents to be served in the Macao Special Administrative Region under the frst paragraph of Article 5 shall be written in either Chinese or Portuguese, or be accompanied by a translation in either Chinese or Portuguese".